Opinion of the Court.
Kirkpatrick C. J.
This writ is directed to the judges of the Inferior Court of Common Pleas of the county of Burlington, to remove their proceedings touching the laying out of a certain public highway, beginning at Julius-Town in the township of Springfield, and running to Taylor’s hill-top, in the Reckless-Town road, in the township of Mansfield, in the said county.
*338 The reasons insisted upon for setting aside the proceedings of the court in this case, and vacating the return of the road, and the record thereof, are these,
1. That neither the application of the freeholders to the court, for the appointment of surveyors to lay out the road, nor the advertisement giving notice of such application, contained or in any way expressed the width of the road so to be laid out, that therefore the said application and notice were irregular and insufficient, and surveyors ought not to have been appointed thereupon.
2. That two of the persons appointed by the court as surveyors, viz. Samuel Haines and Joseph Burr, had not been sworn into office according to law, and of course could not legally actas such ; and that therefore the court erred in appointing them to *be surveyors to lay out the said road, and in recording the return thereof.
3. That one of the surveyors, appointed by the court, viz. Samuel Black, was by the other five, unlawfully excluded from their counsels and from all participation in tlleir proceedings, as surveyors under that appointment; that for this reason, the return made by the other five was altogether unlawful; and that therefore the court erred both in appointing freeholders to review the said road and in ordering the said return thereof to be recorded.
As to the first of these. In cases of this kind, the freehold of the private citizen is taken for the public use, without his consent and without compensation. It would seem reasonable, therefore, that he should at least have the opportunity of making all proper objection before the court and before the commissioners who are to be the instruments of this deprivation, in all cases so hard to be borne. In many cases, it is easily to be conceived, it might be as important to the landholders to make known to them the width of the road applied for, as to make known the “ points or places from and to which the same is proposed to be laid out.” In places thickly inhabited, in towns and cities for instance, the width may be the only material question. But, however proper it may be in itself, the act does not require this particularity as to the width, either in the application or notice, and there *339 fore in reviewing these proceedings, we cannot set it up as a requisite for the want of which they shall be set aside. -
Secondly. In support of the second reason, there are produced before the court the original official affirmations (if they be so called) of Samuel Haines and Joseph Burr. They are in this form.
“ I Joseph Burr do solemnly and sincerely promise and swear (or affirm) that I will” &c. And at the bottom, “ Affirmed before me, one of the justices of the county. Samuel Clark.” (a)
Now, although there is much want of care in the drawing of these affirmations, yet as they contain the word affirm, and as it is certified that the affirmation was administered and taken, and moreover as the magistrate hath made affidavit of this fact (which affidavit is now before us) I think we may well consider the word swear as mere surplusage, entered by mistake. I have no doubt but that if the affirmations were of such nature as that indictments 'would lie upon them, they would be sufficient in this form.
*Thirdly. As to the exclusion of Samuel Black. The truth of this fact depends upon the affirmations of Jonathan Hough, John Newbold and Colin Atkinson, three of the said surveyors, and of Samuel Black himself. From these affirmations, taken together, it is manifest that Black did not appear upon their first day of meeting, but on the second or adjourned day, notwithstanding he had no legal notice of such adjournment he did appear, and as he affirms himself, with intention to act in the business ; that he communicated this intention to the said Colin Atkinson, on his way thither; that at the place of meeting, the other five surveyors withdrew into a room by themselves to consult whether the said Black should bo permitted to act with them or not; that the result of this consultation was understood differently by different persons in the said consultation; that Colin Atkinson understood it to be the decision of the majority, that Black should not act with them, and that he communicated this to him as such ; but that Hough did not understand *340 this to be the decision of a majority, though it was his -own opinion, and of this opinion he informed Blade, (a)
Now was not this a complete exclusion ? They did not admit Blade into their consultations; they did not advise with him as 'to the road; they did not present to him the return for his signature; nor did he sign it. Was it necessary they should go farther; that thej^ should banish him from'the field ; that they should refuse to let him ride along as a spectator, which, after his exclusion as a surveyor, he seems to have done ? It was not necessary. The exclusion was complete. What then is the result?
Some stress has been laid upon the words of the act under which these proceedings were had. The seventh section of that act pj ovides, that if any person shall think himself aggrieved by the proceedings of the surveyors, he may enter a caveat against the same; that upon such caveat being entered, the’court shall not set aside the said proceedings for irregularity or illegality, but shall appoint freeholders to view the said road and to make certificate, &c.; but if these freeholders should be equally divided in opinion or should neglect to view and certify, &c., then the proceedings of the surveyors shall be deemed valid and effectual and shall be recorded &c.
*It is now argued, in the first place, that the court could not, upon the caveat, set aside these proceedings for irregularity or illegality, but that they were obliged to appoint freeholders; and, in the second place, that these freeholders having neglected (as appears by the return) to view and certify, &c. the said proceedings of the surveyors became valid and effectual of course, and that the court had no other power over them than to order them to be recorded.
This construction of the act would seem to me to be a mere mockery of justice in any case; but however that may be, in this, it is apprehended the reasoning does not apply. The law commits this high and summary jurisdiction to six surveyors of the highwajrs ; it is necessary that these six should attend, or at least have the opportunity of attending, and take part in the exercise of it. *341 If the court should appoint any number of freeholders less than six, or if any of those appointed should not be qualified according to law, or if any one or more of them should be excluded forcibly, or otherwise, by their fellows, from a participation in the execution of the trust, in all those cases, and a hundred others that might be imagined, their proceedings would not be the proceedings spoken of in the act; they would not be the proceedings of six surveyors, but of some other body of men. That the act constitutes four of the surveyors a quorum to do business, does not help out the case. It does not give to these four the right of excluding the other two or either of them. All must be present, or have the opportunity of being present. This is the case in all judicatories composed of more than one man, unless there be an express provision to the contrary.
From this view of the subject (a verification of the facts therein stated, having been tendered and overruled) the proceedings offered to the court, ought not to have been received as the proceedings of the surveyors appointed to that duty ; freeholders could not lawfully be appointed to view the road pretended to be laid by them; nor upon those freeholders neglecting to certify, &c., could the court lawfully order the said proceedings and return to be recorded.
In my opinion therefore, the return of these men and the record thereof, must be vacated and set aside.
Return vacated.

 State vs. Putnam, Coxe 260. State vs. Jones, 4 Hal. 2. State vs. Harris, 2 Hal. 361. State vs. Fox, 4 Hal. 244. State vs. Jones, 4 Hal. 365.

 Griscom vs. Gilmore, 1 Har. 105, S. C. 3 Gr. 475. State vs. Van Giesen, 3 Gr. 339. Bassett vs. Clement, 2 Har. 166. Matter of Road, ante 290.